27 C.C.P.A.(Patents)

## In re OSGOOD.

### Patent Appeal No. 4302.

Court of Customs and Patent Appeals.

May 29, 1940.

Louis A. Maxson, of Claremont, N. H. (Edwin R. Hutchinson, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 85, 86, 87, 91, 94, 97, and 98 in appellant's application for a patent for an alleged invention relating to improvements in "drilling tools of the type particularly adapted for use in conjunction with coal mining apparatus."

Claims 85 and 87 are illustrative of the claims on appeal, claim 85 being illustrative of the broader claims (91, 94, and 97) and claim 87 being illustrative of the narrower claims (86 and 98 in which the details of the alleged improved structure are set forth). They read:

"85. (Based on claim 49) In combination, a mining machine having horizontal kerf cutting means for cutting a plane kerf in the face of a mine wall, a drill supporting structure mounted on the mining machine and having its outer extremity adjustable laterally relative to the mining machine at either side of the latter and also upwardly and downwardly below the top of said mining machine adjacent the sides of the latter, and a drilling tool mounted on the outer extremity of said supporting structure, said supporting structure being adjustable as aforesaid relative to the mining machine to position said drilling tool in different locations between the ribs including positions adjacent the rearward portion of said kerf cutting means at either side of the front end of the machine to drill horizontal holes near the mine floor at the base of the mine wall at either side of the mining machine."

"87. (Based on claim 55) In combination, a mining machine having a portable base and kerf cutting mechanism carried by said base, *a frame mounted on said base at the rear of said kerf cutting mechanism for rotation about a vertical axis relative to said base, a horizontal boom mounted on said frame for rotation about its longitudinal axis relative thereto and for horizontal swinging movement with said frame relative to said base, an arm pivotally mounted on the outer extremity of said boom to swing relative thereto about an axis transverse to the longitudinal axis of said boom, and a drilling implement swivelly mounted on the outer extremity of said arm to swing relative thereto about angularly related axes, said vertical axis so disposed relative to said base and said boom and arm lengths so determined that said drilling implement may be disposed to drill a hole in a face in advance of said base while said kerf cutting mechanism is cutting a substantially full-depth kerf in such face."* (Italics ours.)

The references are:

Vodoz, 1,962,334, June 12, 1934.

Holmes, 1,984,372, Dec. 18, 1934.

It will be observed that the quoted claims relate to a mining machine having horizontal kerf cutting mechanism, for cutting a "plane kerf in the face of a mine wall," in combination with a drill supporting structure mounted on the mining machine, and a drilling tool mounted on the outer end of the drill supporting structure. Although the mining machine and the drill have a common support, and are operated by the same motor, each performs its separate function, and, if desired, each may be separately operated.

The mining machine is used to cut a kerf in the mine wall; whereas, the drill is used to drill a series of holes in the mine wall for blasting purposes.

Appellant stated in his application that the kerf cutting apparatus is of the same general type as that disclosed in the patent to Morris P. Holmes, No. 1,785,961, issued December 23, 1930. (That patent is not the Holmes patent cited as a reference.)

The particular improvement made by appellant, and for which the Patent Office allowed 11 claims, is covered by the italicized portion of quoted claim 87.

It is conceded by counsel for appellant that the reference patent to Holmes discloses a mining machine, of the same type as that claimed here by appellant, and a drill thereon mounted in such manner that both the kerf cutting mechanism of the mining machine and the drill may perform their separate functions concurrently. Counsel contend, however, that by mounting the drill on the mining machine in the manner and by the means set forth in the italicized portion of claim 87, the kerf cutting mechanism of the mining machine and the drill in appellant's structure may operate in a manner not previously contemplated. That is to say, owing to appellant's improvement in the support on which his drill is mounted, the drill may be operated, as stated by counsel for appellant in a request to the Board of Appeals for reconsideration of its original decision, *"near the level of the mine floor while the kerf cutting machine is cutting a horizontal kerf spaced a substantial distance above the mine floor*; it being possible with appellant's improved combination to locate the drill to command substantially the entire area of the working face, *and by mounting the drill on the kerf cutting machine in the improved manner set forth in the claims under consideration,* drilling may proceed as stated above simultaneously with the kerf cutting operation" (italics supplied in the phrase beginning "and by mounting"); and that the disclosure in the reference patent to Holmes is "incapable of drilling horizontal holes near the level of the mine floor."

The Primary Examiner held that the claims here on appeal define "two separate and independent machines mounted on a common base. It is therefore believed that a claim which recites these two separate and independent machines is drawn to an aggregation of elements and not to any valid combination thereof"; that as appellant's mining or kerf cutting machine is old, as disclosed in the references, and as appellant has done nothing more than to improve the drill supporting means, such improvements "should be claimed per se and not be aggregated with the old features of the conventional mining machine"; and that as appellant had presented 28 claims on the simple improvement made in the drill mounting mechanism, the claims were unduly multiplied.

In its original decision, the Board of Appeals, among other things, stated:

"We agree with the examiner that it unnecessarily multiplies claims to add to the patentable matter in the claims kerf-cutting mining machine limitations, particularly in view of the old combination shown in the Holmes patent above referred to.

\* \* \*

"As to the rejection of certain claims on the ground that they are drawn either to an aggregation or an old combinaton of a mining machine and a drill, it is our view that inasmuch as both cutters may be functioning at the same time, these claims cover a patentable combination. It is our opinion, however, as above indicated, that there is aggregation in the sense that these claims add to the real invention matter which is immaterial and leads to multiplicity."

In answer to appellant's request for reconsideration, the board stated that, although "appellant's specific construction is patentable \* \* \* we have investigated the structural limitations in the claims now before us [the claims here on appeal], but we can find nothing upon

which we think patentability can be predicated."

In view of the fact that in its original decision the Board of Appeals stated that the claims here on appeal were not drawn either to an aggregation of elements or to an old combination of a mining machine and a drill, and that as both the drill and the kerf cutting mechanism might function at the same time, the appealed claims cover a "patentable combination," counsel for appellant here contend that as each of the appealed claims calls for a mining machine, a drill supporting structure, and a drill, in combination, appellant is entitled to the allowance of at least such claims as specifically define his improved drill supporting structure, and that as appealed claims 86, 87, and 98 each define such improved structure, those claims should be allowed, even though the other appealed claims might be considered too broadly drawn.

It is true that the board stated in its decision that the appealed claims "cover a patentable combination." The board also stated, however, that the claims here on appeal define an aggregation "in the sense that these claims add to the real invention matter which is immaterial and leads to multiplicity."

The Board of Appeals held that the supporting structure for the drilling tool, defined in the italicized portion of quoted claim 87, involves invention, and, as hereinbefore stated, 11 claims were allowed appellant for the structure so defined.

In view of the fact that the mining machine with its kerf cutting mechanism, referred to broadly in the appealed claims, is admittedly old, and as the only improvement made by appellant is in the mounting for the drilling tool, we are unable to hold that the tribunals of the Patent Office erred in rejecting the claims here on appeal, which call for appellant's improved structure in combination with a mining machine having a kerf cutting mechanism. Accordingly, the decision of the Board of Appeals is affirmed

Affirmed.